**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| _____ | |
| Kenneth Edward Matthews; and April Christine Matthews, | No. CV-16-02621-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

Plaintiffs Kenneth and April Matthews filed a complaint in this MDL on August 3, 2016. *See* Case No. CV-16-2621, Doc. 1. The MDL closed nearly two years ago, on May 31 2019. *See* Doc. 18709. Thousands of cases in the MDL have settled, and most of the remaining cases have been remanded or transferred to their home districts for further proceedings.

Plaintiffs' counsel have filed a notice stating that Plaintiffs have failed to make a settlement decision and have been nonresponsive to counsel's repeated attempts to contact them. Doc. 22055. Pursuant to Federal Rule of Civil Procedure 41(b), the Court will dismiss Plaintiffs' complaint with prejudice for failure to prosecute.

In Case Management Order ("CMO") 49, the Court set a March 15, 2021 deadline for counsel to locate, contact, and secure settlement decisions from nonresponsive plaintiffs. Doc. 21778 at 2. The Court stated that it would dismiss with prejudice any cases in which the plaintiffs remain non-responsive or fail to make a settlement decision by the March 15 deadline. *Id.* (citing Fed. R. Civ. P. 41(b)).

In CMO 50, the Court dismissed nearly 100 cases on this basis. Doc. 22034. The Court applied the Ninth Circuit's five-part test for determining whether a dismissal sanction is appropriate under Rule 41(b), *see In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006), and concluded that dismissals with prejudice were the appropriate sanction. *Id.* at 3-6. The Court reaches the same conclusion here.

Plaintiffs filed their complaint nearly five years ago. They have had ample time to make a settlement decision. Their failure to respond to counsel's inquiries or otherwise prosecute their claims warrants dismissal with prejudice under the relevant factors. *See In re Phenylpropanolamine*, 460 F.3d at 1226. The first three factors – expeditious resolution of the litigation, the Court's need to manage its docket, and prejudice to Defendants – weigh in favor of dismissal. Plaintiffs' failure to respond makes management and expeditious resolution of this case impossible, to the prejudice of Defendants. *See Taylor v. Wal-Mart Corp.*, No. CV14-1034-PHX-DGC, 2014 WL 3864541, at *1 (D. Ariz. Aug. 6, 2014). The fourth factor – the policy favoring disposition of cases on the merits – weighs only slightly, if at all, against a dismissal sanction because Plaintiffs' case cannot be resolved on the merits given their failure to prosecute their claims. With respect to the fifth factor, the Court finds that dismissal with prejudice is the only justifiable sanction. Plaintiffs' track record demonstrates that further extensions will only produce further delays and will not result in the resolution of this case. *See Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2010 WL 2836953, at *1 (D. Ariz. July 19, 2010).

/ / /

/ / /

**IT IS ORDERED** that Plaintiffs' complaint in Case No. CV-16-2621 is **dismissed with prejudice**.

Dated this 20th day of May, 2021.

David G. Campbell
Senior United States District Judge